IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JIMMY RAY MURRELL JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-038-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jimmy Ray Murrell Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On January 15, 2013, pursuant to a plea agreement, Petitioner pleaded guilty in the 291st District Court of Wise County, Texas, Case No. CR16812, to aggravated robbery and the trial court assessed his punishment at 50 years' imprisonment. Adm. R., State Habeas R., vol. 3, 1147, ECF No. 10-17. Petitioner did not directly appeal his conviction or sentence. Pet. 3, ECF No. 1. On January 20, 2015, Petitioner filed a state habeas-corpus application, raising the same or similar claims presented herein, which was denied by the Texas Court of Criminal Appeals on April 1, 2015,

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

without written order.[2] Adm. R., State Habeas R., vol. 3, 1165, ECF No. 10-17 & "Action Taken," ECF No. 10-1. Petitioner filed this federal habeas petition on January 12, 2016,[3] wherein he raises the following grounds for relief:

(1) An infirmity existed in the probable cause affidavit in support of the arrest warrant;

(2) The trial court abused its discretion by rejecting his motion to suppress evidence illegally obtained; and

(3) His trial counsel performed deficiently by failing to discover material evidence and use it in his defense.

Pet. 6-7, ECF No. 3

Respondent contends the petition is time-barred under the federal statute of limitations. Resp't's Preliminary Answer 4-7, ECF No. 8.

**II. DISCUSSION**

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

---

[2]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on January 20, 2015; thus, the Court deems the application filed on that date.

[3]Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

>  is removed, if the applicant was prevented from filing by such State action;
>
>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In an apparent attempt to trigger subsection (B), Petitioner argues that the AEDPA applies to both federal and state habeas-corpus petitions; that the prerequisite that he waive his right to appeal in a plea-bargain case is a state-created impediment affecting "both appellate levels – federal and state habeas equally"; and that the fact that the state courts considered his state habeas application, "which was tantamount to an out-of-time appeal," on the merits is indicative that the limitations-bar was "lifted" by the state courts, thereby encouraging "pursuit of federal oversight." Pet'r's Resp. 2-4, ECF No. 13. The AEDPA does not apply to the filing requirements of a Texas state habeas application, and nothing in the record suggests some state-created impediment prevented Petitioner from filing a timely federal petition.

Also, in an apparent attempt to trigger subsection (D) or equitable tolling, discussed *infra*, Petitioner argues that (all spelling and/or grammatical errors are in the original)–

> he was under the mind set that his case was unappealable based on plea agreement sheet while diligently studing the law under a very limited and or regimented time, compounded by stringent and volatile prison enviroment, including but not limited to frequent lockdowns. For a novice, one year, in petitioner's opinion is not

> unreasonable time frame to educate oneself on law, as to discover the legal predicate of his plea that brought about this allegations.

*Id.* at 6. Under subsection (D), the statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of his claims, not when a petitioner learns the legal significance of those facts. *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000).

Instead, because Petitioner's claims involve matters related to the 2013 Wise County plea proceedings and resulting judgment of conviction, subsection (A) applies to this case. Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on February 14, 2013, and closed one year later on February 14, 2014, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application filed on January 20, 2015, nearly a year after limitations had already expired did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's petition is untimely unless he can demonstrate that he is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013);

4

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Ignorance of the law, pro se status, incarceration, prison lockdowns, and limited access to legal materials are common problems for inmates seeking postconviction habeas relief and do not constitute extraordinary circumstances warranting equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir. 1999); *Akins v. United States,* 204 F.3d 1086, 1089-90 (11th Cir. 2000). Petitioner does not demonstrate that exceptional circumstances prevented him from filing a timely petition or make any reference to actual innocence in his petition.

Accordingly, Petitioner's federal petition was due on or before February 14, 2014. His petition filed on January 12, 2016, is therefore untimely.

### III.  CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED.

**SO ORDERED** on this 28th day of March, 2017.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

5